**Albert Clayton HOBBS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1972.

Henry E. Hughes, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant, Albert Clayton Hobbs, was convicted of the offense of voluntary manslaughter and sentenced to confinement in the penitentiary for a period of fifteen years. As grounds for reversal of the judgment he asserts: (1) the trial court erred in admitting evidence of his past criminal record, (2) the Commonwealth's Attorney committed prejudicial error in his closing argument to the jury and (3) the instructions were erroneous.

The appellant stabbed and killed William Thomas Kelly in the course of a fight between them and was subsequently indicted for murder. His only defense was that he acted in self-defense.

The attorney who represents appellant in this appeal is not the same attorney who represented him at the trial.

The first two assignments of error cannot be reviewed by this court because counsel for the defendant at the trial made no objection to the introduction of testimony relating to appellant's past convictions nor did he offer any objection to the closing argument of the Commonwealth's Attorney or move for a mistrial because of the alleged improper argument.

We find merit in the claim that the instructions were erroneous and the error was preserved in the motion and grounds for a new trial. The court gave the following instruction as a limitation upon the appellant's right of self-defense:

"* * * But if the jury believe from the evidence beyond a reasonable doubt that the defendant Albert Clayton Hobbs and the deceased William Thomas Kelly voluntarily engaged in mutual combat with the intention on the part of each to kill the other or to do him great bodily harm, *or if you believe from the evidence beyond a reasonable doubt that the defendant Albert Clayton Hobbs, when he was in no danger real or to him apparent, of death or great bodily harm*

at the hands of *William Thomas Kelly or Bill Sloane acting in concert with William Thomas Kelly, began the difficulty by assaulting William Thomas Kelly with a knife and that the defendant thereby brought on any such danger to himself,* then in either event the defendant cannot be acquitted on the grounds of self defense." (Emphasis added)

■ This case is controlled by our previous decisions in Toncray v. Commonweath, 291 Ky. 471, 165 S.W.2d 8 (1942), Kilburn v. Commonwealth, Ky., 394 S.W.2d 948 (1965) and Mayfield v. Commonwealth, Ky., 479 S.W.2d 578 (1972), in which we held that an instruction qualifying the right of self-defense is erroneous unless evidence is presented in the trial of the case upon which to base the instruction. The Attorney General freely concedes that there was no evidence that the appellant began the difficulty by assaulting William Thomas Kelly with a knife and states in its brief that the Commonwealth has never contended that appellant was the aggressor or that he began the affray. This being admitted, the instruction which permitted the jury to deprive appellant of the defense of self-defense if it believed appellant began the affray was erroneously given.

The Commonwealth contends that the right of self-defense may be limited in two situations. The first is when the accused engages in a mutual affray and the second is when the accused begins the affray. It contends that the right of self-defense is lost in either situation and if either is supported by the evidence the qualifying instruction, including both qualifications, can be given. No authority is cited in support of this contention and this court is not persuaded of its validity.

■ If there is evidence to support the theory of mutual combat, as there was in this case, but no evidence to support the theory that the accused was the aggressor, the qualification of the self-defense instruction must be confined to the question of mutual combat.

The judgment is reversed for further proceedings in conformity with this opinion.

STEINFELD, C. J., and PALMORE, OSBORNE, REED, MILLIKEN and EDWARD P. HILL, JJ., concur.